UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HARRY MEYER KATZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11 CV 513 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are several motions by petitioner Harry Meyer Katz, including a motion to transfer the instant proceedings to his prior criminal action in this Court. After review of the relevant case law and the practice of other district courts across the nation, the Court will decline to transfer this civil action to petitioner's prior criminal docket. However, the Court will order the refund of petitioner's $350 filing fee. The Court will also grant petitioner's motion to file an oversized brief, but his other motions will be denied.

Petitioner filed the instant application for writ of coram nobis on March 15, 2011. In his petition, petitioner seeks to overturn his 2005 conviction for attempted and actual distribution of Schedule III and IV controlled substances

outside the scope of medical practice in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1]  See United States v. Katz, 4:04CR324 DJS (E.D. Mo.).

In the instant motion, petitioner seeks to transfer this action to his prior criminal action, arguing that a writ of coram nobis should be treated as a step in a criminal case and not as a separate civil proceeding.  Petitioner also seeks return of his $350 filing fee, as well as a mandate from this Court that he does not have to serve respondent, pursuant to Fed.R.Civ.P. 4.

In support of his argument, petitioner cites to the United States Supreme Court case of United States v. Morgan, 346 U.S. 502 (1954).  In Morgan, the Supreme Court stated in a footnote that a petition for writ of error coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. . . . This motion is of the same general character as one under 28 USC § 2255."  Id. at 506 n. 4.  Subsequent courts have interpreted the footnote as emphasizing the similarity between coram nobis and § 2255 cases.  See, e.g., United States v.

---

[1] This is not the first time petitioner has appeared before this Court seeking to overturn his 2005 conviction.  In August of 2007, after his direct appeal to the Eighth Circuit Court of Appeals was affirmed, petitioner filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.  Case No. 4:07CV1454DJS.  On December 7, 2009, this Court denied petitioner's motion, and the judgment was affirmed by the Eighth Circuit Court of Appeals on May 27, 2010.  Petitioner was denied an application for writ of certiorari to the United States Supreme Court on November 15, 2010.

Keogh, 391 F.2d 138, 140 (2nd Cir. 1968) (applying civil rules for time to appeal: "The problem to which the footnote [in Morgan] was addressed was that F.R.Civ.P. 60(b) had abolished writs of error coram nobis in favor of the motion procedure there provided. The answer was that the abolition effected by Rule 60(b) cannot fairly be extended beyond the 'suits of a civil nature' to which alone, under the general provision of Rule 1, the Rules of Civil Procedure apply. We do not read the quoted statement as intending more than that. Indeed the footnote ends by characterizing a motion for coram nobis as 'of the same general character as one under 28 U.S.C. § 2255,' which, as indicated above, is under the civil rules as regards time for appeal."); see also, United States .v Balistrieri, 606 F.2d 216, 220-21 (7th Cir. 1979) ("Thus, to the extent a coram nobis motion is like a § 2255 motion, the former is also civil in nature. It is apparent then, that a coram nobis is a step in a criminal proceeding yet is, at the same time, civil in nature and subject to the civil rules of procedure.").

These cases, and many others reviewed by this Court, suggest that coram nobis cases are substantially similar to § 2255 cases, and thus, should be treated as civil in nature, even though they are in essence, a continuation of the criminal case whose judgment is under attack. The Advisory Committee Notes to Rule 3 of the Rules Governing Section 2255 Proceedings further suggest this as well: "There is

no filing fee required of a movant under these rules. This is . . . done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack." As the case law suggests, the only difference between § 2255 and coram nobis cases is whether the prisoner is still in custody or whether he has been released.

In light of the prevailing case law, the Court will deny petitioner's motion to transfer this case to his prior criminal docket. Rather, his coram nobis action should be treated similarly to his § 2255 action, and filed separately as a civil action on this Court's docket, just as it currently is. Like his § 2255 action, petitioner will not be responsible for the $350 filing fee, nor for service of process on respondent. As such, the Court will direct the Clerk of Court to refund petitioner's $350 and ensure that respondent is notified of the instant action.

Finally, petitioner's motion to file an oversized brief will be granted, but his remaining motions will be denied. Petitioner's motion to proffer discovery will be denied, because the Respondent has not yet filed a response to the motion, and the Court cannot determine whether discovery is appropriate. Petitioner's motion to recuse the Honorable Donald J. Stohr will be denied as moot, as Judge Stohr is not presiding over this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to transfer the instant proceedings to his criminal case [Doc #6] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that petitioner's request to transfer the instant proceedings to his criminal case is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request to return his $350 filing fee and absolve him from service of process under Fed.R.Civ.P. 4 is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall refund petitioner's $350 filing fee.

**IT IS FURTHER ORDERED** that, similar to the procedure used in § 2255 cases, the Clerk of Court shall enter the Office of the United States Attorney on the docket in this matter such that the United States Attorney will receive notification of the instant action.

**IT IS FURTHER ORDERED** that petitioner's motion to file an oversized brief [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proffer discovery [#3] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to recuse [#4] is **DENIED AS MOOT**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2011.