UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARRY MEYER KATZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11CV513 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on movant's petition for a writ of coram nobis pursuant to 28 U.S.C. § 1651(a). Petitioner Harry Meyer Katz was convicted by a jury of 176 counts of attempted and actual distribution of Schedule III and IV controlled substances outside the scope of his medical practice in violation of 21 U.S.C. §§ 846 and 841(a)(1). Criminal Case No. 4:04CR324 DJS. He was sentenced to sixteen months imprisonment, a fine of $75,000, a special assessment of $17,600, and a two-year term of supervised release. Because of these convictions, Katz is precluded from practicing medicine.

As grounds for his petition, Katz raises five grounds for relief. Because I conclude that issuance of a writ of coram nobis is not warranted on any of these grounds, I will deny his petition without a hearing.

**Background**

On March 15, 2005, the jury found Katz guilty on 176 of the counts included in the indictment. Katz then filed a motion for a judgment of acquittal or for a new trial. On April 28, 2005, the district court denied that motion. Katz was sentenced on June 30, 2005.

In July 2005, Katz filed a direct appeal of his conviction to the Eighth Circuit Court of Appeals. He alleged seven claims of trial error. The Eighth Circuit affirmed the district court's rulings and the jury verdict. *United States v. Katz*, 445 F.3d 1023 (8th Cir. 2006). He then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 10, 2006. *Katz v. United States*, 549 U.S. 956 (2006).

On August 14, 2007, Katz filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Case No. 4:07CV1454 DJS. He raised five grounds for relief – the same grounds that are raised in this petition for writ of coram nobis. On December 7, 2009, the district court issued a memorandum and order denying his petition without an evidentiary hearing. Katz then appealed to the Eighth Circuit Court of Appeals, which denied his application for a certificate of appealability on May 27, 2010. *Katz v. United States*, No. 10-1164 (8th Cir.

May 27, 2010). He filed another petition for writ of certiorari in the United States Supreme Court on October 8, 2010, which was denied on November 15, 2010. *Katz v. United States*, 131 S. Ct. 612 (2010).

On March 15, 2011, Katz filed this petition for writ of coram nobis pursuant to 28 U.S.C. § 2261.

## **Grounds Raised**

Katz raises five grounds for relief in his petition for writ of coram nobis:

(1)  He received ineffective assistance of counsel for failing to move for dismissal of the indictment or a judgment of acquittal based on outrageous government conduct;

(2)  He received ineffective assistance of counsel for failing to investigate, interview, or present available expert witness and documentary evidence to rebut and refute the testimony of the government's expert;

(3)  He received ineffective assistance of counsel for failing to argue that he did not have any "intent" to violate the narcotics laws;

(4)  He received ineffective assistance of counsel in the pretrial, trial, and sentencing process due to the "multiplicity of errors by counsel as set forth herein";

(5)  He was denied due process because new evidence demonstrates his actual innocence.

**<u>Discussion</u>**

Petitioner requests a writ of coram nobis pursuant to 28 U.S.C. § 1651, the All Writs Act, which is "a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation and internal quotation marks omitted). It is "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Id.* (citing *United States v. Mayer*, 235 U.S. 55, 67-68 (1914)). Thus, it is an "extraordinary writ" reserved to "errors of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 512 (1954) (citation and internal quotation marks omitted).

In the petition, Katz makes four claims of ineffective assistance of counsel and one claim of actual innocence. They are identical to the claims that Katz raised in his previous petition under 28 U.S.C. § 2255. For that reason, the government contends that this petition is actually a second or successive § 2255 petition, which would not be permissible in this Court absent certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244. Because "[t]he writ of coram nobis may not be used to circumvent the clear congressional directive embodied in

the 'second or successive' provisions of section 2255," *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (citation omitted), the government argues that this petition should be dismissed.

Contrary to the government's contentions, however, this petition is not a second or successive § 2255 petition because the petitioner is no longer in custody. Although the government is correct that the claims herein may ordinarily be heard in a § 2255 proceeding, petitioner does not even have the option of applying for a certificate to file a second or successive § 2255 petition for the sole reason that he is no longer in federal custody. Since he does not have the option of filing another § 2255 petition, he is not using the writ of coram nobis to circumvent that procedural mechanism. Therefore, I will not deny the petition on this basis.

However, the grounds raised in Katz's petition do not warrant the extraordinary writ of coram nobis. As a fundamental matter, he does not raise any allegations that would challenge the "validity and regularity of the trial process itself," as required for invocation of this writ. Additionally, even if he is correct that no other writs are available to him given the fact that he is no longer in federal custody, he may not use this writ to relitigate matters that have already been

decided on the merits. In his previous petition under 28 U.S.C. § 2255, he raised the exact same arguments, which were rejected by Judge Stohr.

I will not reexamine the same legal and factual issues that were previously adjudicated by another district judge. The Supreme Court has held that "[c]ontrolling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Sanders v. United States*, 373 U.S.1, 15 (1963).

When referring to the issue of whether the same ground is presented, the Court meant "simply a sufficient legal basis for granting the relief sought by the applicant," even if supported by different factual allegations. *Sanders*, 373 U.S. at 16. In this case, the exact same legal grounds are presented here as were presented in Katz's first § 2255 petition. Furthermore, the factual allegations appear to be nearly identical, except for the addition of allegations that Judge Stohr did not fairly deny the previous petition. Because the legal allegations are identical in this coram nobis petitioner, the first factor weighs in factor of giving controlling weight to the previous denial of these claims.

The second factor requires an adjudication of the merits on the previous ground, which means that "if factual issues were raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held." *Sanders*, 373 U.S. at 16. In the previous § 2255 proceeding, Judge Stohr did not hold an evidentiary proceeding. However, for each of the five claims presented, Judge Stohr performed a thorough factual and legal analysis of the issues and determined that each one was without merit. Thus, an evidentiary proceeding was unnecessary since the files and records conclusively established that Katz was not entitled to relief under § 2255. The second factor therefore also weighs in favor of giving controlling weight to the previous denial of these claims.

Finally, for the third factor, the "burden is on the applicant to show that, although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground." *Sanders*, 373 U.S. at 16. In this case, Katz fails to raise any additional reasons why a new hearing would be warranted on the claims presented in his coram nobis petition. Katz's conclusory allegations that Judge Stohr made "unreasonable credibility determinations" (Pet. ¶ 32) and that he "did not previously receive full and fair consideration of the claims" (Pet. ¶ 73) are

not sufficient to meet this burden.  Judge Stohr's denial of Katz's previous § 2255 petition was challenged on appeal, and the Eighth Circuit Court of Appeals denied the request for a certificate of appealability.  Furthermore, because Katz was out of custody by the time that his previous § 2255 petition was denied, the Court determined that his petition was not moot because of the "collateral consequences" he suffered by not being able to practice medicine.  Katz does not present any other grounds for raising this coram nobis petition except for these identical "collateral consequences."  Thus, a new evidentiary hearing on the same grounds is not warranted, and I will give controlling weight to the previous denial of Katz's grounds.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Harry Meyer Katz for writ of coram nobis [#1] is denied.

**IT IS FURTHER ORDERED** that the petitioner's second motion for discovery [#19] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2012.